**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-80108-TLS |
| | ) | |
| THURSTON MANUFACTURING COMPANY | ) | Chapter 11 |
| D/B/A THURSTON MANUFACTURING | ) | |
| D/B/A SIMONSEN IRON WORKS, INC., | ) | |
| D/B/A SIMONSEN IRON WORKS | ) | |
| | ) | |
| DEBTOR. | ) | |

**DEBTOR'S APPLICATION TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF GOOSMANN LAW FIRM PLC AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION, EFFECTIVE *NUNC PRO TUNC* TO THE DATE OF ENGAGEMENT**

COMES NOW, Thurston Manufacturing Company, d/b/a Thurston Manufacturing, d/b/a Simonsen Iron Works, Inc., d/b/a Simonsen Iron Works, debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case, pursuant to Sections 327(a) and 329(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016(b), and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and hereby moves this Court to enter an Order authorizing the Debtor to retain and employ Goosmann Law Firm PLC *nunc pro tunc* to the date of Engagement (the "Application"). In support of this Application the Debtor submits the Declaration of Elizabeth M. Lally (the "Lally Declaration"), a copy of which is attached hereto and incorporated by reference herein, and Goosmann Law Firm's Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as Exhibit A and which is also incorporated by reference. In further support of this Application, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Nebraska has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska.

3. Debtor confirms its consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are Sections 327(a) and 329(a) of Bankruptcy Code and Rules 2014(a), 2016(b) and 6003 of the Bankruptcy Rules.

## Background

6. On January 23, 2019 (the "Petition Date") Debtor filed its voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District Nebraska (the "Court").

7. The Debtor remains in possession of its assets and continues to operate as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

8. An Official Committee of Unsecured Creditors has not yet been appointed, and it is unknown if one will be appointed at this time.

**Events Leading to the Filing**

9. Started in 1971 by Mr. Wayne Jensen, the Debtor is a 2nd and 3rd generation, family owned and operated company specializing in the sale, manufacture, and distribution of various specialty equipment largely related to the agricultural industry. The Debtor is a Nebraska C corporation with its headquarters located at 1708 H Avenue, Thurston, Nebraska. The Debtor leases two manufacturing facilities, one in Thurston, Nebraska and one in Spencer, Iowa.

10. Since its inception, the Debtor has been continuously owned and operated by the Jensen Family, including, its founder, Wayne Jensen, who retired in 1995; Layton Jensen, Wayne's son and current Chairman of the Board and Vice President of Research and Development (34% owner) and his wife, Carolyn Jensen, Administrative Vice President; and the sons of Layton and Carolyn, Ryan Jensen the Chief Executive Officer (33% Owner) and Nick Jensen the President (33% owner).

11. Through its four (4) product lines the Debtor sells, manufactures, and distributes various specialty equipment. The Blu-Jet brand focuses on agricultural equipment primarily used for tillage and fertilizer application. Simonsen Iron Works supports the manufacture of Blu-Jet products and also gives diversification out of the agriculture equipment industry by providing contract manufacturing work for attachments for various types of equipment, including ATV, UTV, skid steer, and 3-point mounted products. The ChuckWagon product line focuses on mobile grilling and entertainment systems. Finally, the Debtor is 50% owner and has an agreement with Ground Effect, LLC to be the manufacturer and sales entity for its line of skid steer attachments.

12. As a manufacturer, the Debtor must focus on high volume, consistent, and repetitive opportunities at the 17 – 22% margin level in order to meet its financial goals and budget projections. The Debtor has achieved a 20% margin in the past, but this slipped to 12% in 2018 due, in large part, to drastic and sudden cost increases on steel and having to hold pricing for two (2) key customers.

13. The Debtor has already ended the contracts with these two (2) low margin customers that had locked in pricing. Eliminating these low margin customers and focusing its efforts on high volume, consistent and high margin customers and products will help to ensure the Debtor's return to its 20% margin Key Performance Indicator (KPI). In 2019 and going forward, the Debtor is not going to lock itself into long term pricing, but rather will provide updated pricing with each order.

14. The Debtor believes that the protection of Chapter 11 of the Bankruptcy Code will provide it with sufficient time to either: (a) obtain long term refinancing; or (b) restructure their debt to allow the Debtor to pay its creditors over time.

15. Pursuant to Sections 327(a) and 329(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016(b) and 6003 the Debtor hereby seeks the entry of an order authorizing them to retain and employ the Goosmann Law Firm, PLC ("GLF") as counsel in their Chapter 11 case to represent the Debtor in all aspects of its reorganization, *nunc pro tunc*, as of the date of engagement.

16. Debtor has selected GLF as its counsel because GLF professionals have considerable experience in matters of this character and the Debtor believes that GLF is well-qualified to represent it as the Debtor in this case.

17. GLF's Bankrutpcy, Banking, and Finance group is currently comprised of four attorneys, one senior paralegal, and one junior paralegal. Certain of the attorneys representing the Debtor have previously represented parties in numerous complex Chapter 11 cases.

## **Services to be Provided**

18. The Debtor anticipates that GLF will render general legal services to the Debtor as needed throughout the course of this Chapter 11 case including, bankruptcy, corporate, real estate, finance, and litigation advice. In particular, the Debtor anticipates that GLF will perform, among others, the following legal services:

   a. Advising the Debtor of its rights, powers and duties as a debtor-in-possession while operating their businesses and properties under Chapter 11 of the Bankruptcy Code;

   b. Preparing on behalf of the Debtor all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed in this Chapter 11 case;

   c. Advising the Debtor concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in this Chapter 11 case;

   d. Advising the Debtor with respect to, and assisting in the negotiation and documentation, of cash collateral documents, post-petition financing agreements and related transactions;

   e. Reviewing the nature and validity of any liens asserted against the Debtor's property and advising the Debtor concerning the enforceability of such liens;

   f. Advising the Debtor regarding its ability to initiate actions to collect and recover property for the benefit of the estate;

   g. Advising and assisting the Debtor in connection with any potential property dispositions;

   h. Advising the Debtor concerning executory contracts and unexpired leases, assumptions, assignments and rejections of the same;

      i. Advising the Debtor in connection with the formulation, negotiation and promulgation of a plan of reorganization, and related transactional documents;

      j. Assisting the Debtor in reviewing, estimating and resolving claims asserted against the Debtor's bankruptcy estate; and

      k. Commencing and conducting litigation necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor's bankruptcy estate or otherwise further the goal of completing the Debtor's successful reorganization.

19. The Debtor requires knowledgeable counsel to render these essential professional services. As noted above, GLF has experience in all of these areas. Accordingly, the Debtor respectfully submits that GLF is well qualified to perform these services and represent the Debtor's interests in this Chapter 11 case.

## **Compensation and the Applications**

20. Subject to the Court's approval of this Application, GLF intends to: (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date the services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses. The names, positions, and current hourly rates of the GLF lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor are set forth in the Lally Declaration. The hourly rates charged by GLF professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is resident. The hourly rates charged by GLF for its professionals may change from time to time in accordance with GLF's established billing practices and procedures. The Firm will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Bankruptcy Rules, any guidelines promulgated by the United States Trustee, and any additional procedures that may be established by the Court in this Chapter 11 case. GLF has agreed to accept as compensation such sums as may be allowed by the Court. GLF understands that fee awards are subject to approval by the Court.

21. Prior to the Petition Date, GLF received Thirty Thousand Dollars ($30,000) as a retainer for GLF's representation of the Debtor prior to and during this this Chapter 11 case (the "Retainer"). The Retainer was paid by the Debtor and placed in the GLF's trust account. As of the Petition Date, the balance of the Retainer was $3,036.50; GLF has billed but has not applied $26,963.50 in fees and filing fee expense against the Retainer. Upon depletion of the Retainer, Debtor agreed to remit subsequent retainers (the "Subsequent Retainers") in $15,000.00 increments (each in immediately available funds) within 3 days of written request by GLF for said Subsequent Retainer and until such time as the Firm's employment by the Debtor terminates. All Subsequent Retainers will be placed in the Firm's trust account.

22. Subject to the Court's approval of GLF's proposed *Motion to Approve Procedures for Interim Compensation and Reimbursement of Professionals Fees and Expenses*, GLF will draw against the Retainer and any Subsequent Retainers to: (i) satisfy the filing fees associated with Debtor's bankruptcy filings; and (ii) to satisfy monthly billings.

23. The Debtor has reviewed and approved this Application and the accompanying Lally Declaration.

### Disclosure Concerning Disinterestedness

24. In reliance on the Lally Declaration, and except as set forth therein, the Debtor believes that: (a) GLF has no connection with Debtor, its affiliates, its creditors, the United States Trustee, any person employed in the office of the United States Trustee or any other

party with an actual or potential interest in this Chapter 11 case or its respective attorneys or accountants; (b) GLF is not a creditor, equity security holder or insider of the Debtor; (c) none of GLF's lawyers are, or were within two years of the Petition Date, a director, officer or employee of the Debtor; and (d) GLF neither holds nor represents an interest materially adverse to the Debtor or its estate. Accordingly, the Debtor believes that GLF is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code.

25. In the event that GLF's representation of the Debtor in connection with any matter in this Chapter 11 case would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtor shall retain separate "conflicts counsel" to represent its interests with respect to such matter against such party.

26. Via their proposed counsel, the GLF, the Debtor will provide notice of this Application to Employ to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the District of Nebraska; (b) the Nebraska Department of Revenue; (c) the Iowa Department of Revenue; (d) the Internal Revenue Service; (e) and any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, considering the nature of the relief requested, no other or further notice need be given.

[The remainder of this page is intentionally blank.]

WHEREFORE, the Debtor respectfully requests that the Court enter an Order: (i) granting the Application; (ii) authorizing the Debtor to retain and employ GLF as their counsel; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted January 23, 2019.

By: _____
Ryan J. Jensen, in his capacity as Chief Executive Officer and Shareholder of the Debtor, Thurston Manufacturing Company

[The remainder of this page is intentionally blank.]

9

## **CERTIFICATE OF SERVICE**

I certify that on January 23, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered with the CM/ECF system.

Pursuant to Rule 9013-1(E) of the Nebraska Rules of Bankruptcy Procedure on January 23, 2019, I mailed the foregoing via United States Postal Service to the following

Office of the United States Trustee for the District of Nebraska;
C/O Jerry L. Jensen
Acting Assistant U.S. Trustee
United States Department of Justice
District of Nebraska
Roman L. Hruska U.S. Courthouse
111 S. 18th Plaza, Suite 1148
Omaha, NE 68102

Nebraska Department of Revenue
Attn: Bankruptcy Unit
Nebraska State Office Building
P.O. Box 94818
Lincoln, NE 68509-4818

Iowa Department of Revenue
Attn: Bankruptcy Unit
PO Box 10471
Des Moines, IA 50306-0471

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

The holders of the 20 largest unsecured claims against the Debtor pursuant to the *Creditor's Matrix* filed in this case.

*/s/ Celia M. Baker*
Celia M. Baker