IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK 19-80108-SKH |
| | ) | |
| THURSTON MANUFACTURING COMPANY, | ) | Chapter 11 |
| D/B/A THURSTON MANUFACTURING, | ) | |
| D/B/A SIMONSEN IRON WORKS, INC., | ) | |
| D/B/A SIMONSEN IRON WORKS, | ) | |
| | ) | |
| DEBTOR. | ) | |

### INTERIM ORDER PROHIBITING UTILITY PROVIDERS FROM DISCONTINUING SERVICES AND APPROVING FORM OF ADEQUATE ASSURANCE OF PAYMENTS FOR THE CONTINUATION OF UTILITY SERVICES *NUNC PRO TUNC* TO THE PETITION DATE

Thurston Manufacturing Company, d/b/a Thurston Manufacturing, d/b/a Simonsen Iron Works, Inc., d/b/a Simonsen Iron Works, debtor and debtor-in-possession ("Debtor") filed a *Motion For Entry Of Order Prohibiting Utility Providers From Discontinuing Services And Approving Form Of Adequate Assurance Of Payments For The Continuation Of Utility Services* (the "Utility Motion") (Doc. 10) asking the Court to enter an Interim Order: (a) prohibiting Debtor's utility service providers (collectively, the "Utility Providers") from altering, refusing or discontinuing utility service on account of unpaid prepetition invoices; (b) deeming the Utility Providers to be adequately assured of future payment; (c) establishing procedures for determining additional adequate assurance of future payment; and (d) authorizing Debtor to provide adequate assurance of future payment to the Utility Providers.  The Court held a telephonic hearing on Debtor's Utility Motion on January 29, 2019 at 8:30 a.m.

Based on the Utility Motion (Doc. 10), the nonexclusive list of the Utility Providers (Doc. 10-1), the Utility Schedule (Doc. 10-2), and the Affidavit of Ryan Jensen in Support of

Debtor's First Day Motions (Doc. 32) filed in this case, the Court finds that Debtor met the requirements of Rule 4001(b)(1). Debtor also met its burden of showing immediate and irreparable harm to the bankruptcy estate if the Court does not grant Debtor authority to ensure continued provision of the utility services. The relief provided in this Order is necessary to maintain the business during the reorganization process. Accordingly, the Court finds cause exists to grant interim relief to the Debtor on its Utility Motion (Doc. 10). Therefore, IT IS ORDERED that the Utility Motion is granted as provided below:

1.  **Debtor shall serve a copy of the Utility Motion and this Interim Order on each Utility Provider listed on the Utility Services list no later than two business days after the date this Interim Order is entered. Debtor shall serve notice that the relief provided in this order is granted on an interim basis from January 23, 2019, the date of the petition, to February 11, 2019, the date of the final hearing on Debtor's Utility Motion. It shall also serve notice of the date, time and place of the final hearing. The deadline to object to the motion is February 6, 2019. Affidavit evidence must be filed not later than February 8, 2019. If the Court receives no objections, it may grant the relief Debtor seeks without a hearing**.

2.  The Court finds that the utility deposits listed in Exhibit B to the Utility Motion (Doc. 10-2) together with Debtor's proposal to pay each Utility Provider's invoice as it comes due in the ordinary course pursuant to their prepetition practices [Doc. 10 ¶17] is adequate assurance of future payment as required by Section 366 of the Bankruptcy Code.

3.  Until such time as this Court enters a final order on the Utility Motion or as otherwise ordered by this Court, all Utility Providers are prohibited from altering,

refusing or discontinuing services on account of any unpaid prepetition charges, the commencement of this Chapter 11 Case, or any perceived inadequacy of the Adequate Assurance.

    4.    The following Additional Adequate Assurance Procedures are approved on an interim basis:

    a. Any Utility Provider that objects to the Adequate Assurance must serve a request ("Additional Adequate Assurance Request") on (i) Debtor, 1708 H Avenue, Thurston, Nebraska 68062, Attn: Ryan J. Jensen; (ii) proposed counsel to Debtor, Goosmann Law Firm, PLC, 17838 Burke St., Suite 250, Omaha, Nebraska 68118, Attn: Elizabeth M. Lally; and (iii) counsel to any statutory committee appointed in this Chapter 11 case (collectively "Notice Parties").

    b. Any Additional Adequate Assurance Request must be served on the Notice Parties and must: (a) be made in writing; (b) identify the location for which Utility Services are provided, and (c) explain why the Utility Provider believes the adequate assurance outlined above is not sufficient adequate assurance of future payment.

    c. Debtor is authorized to resolve any Additional Adequate Assurance Request by mutual agreement with a Utility Provider and without further order of the Court and, in connection with any such agreement, provide a Utility Provider with alternative adequate assurance of payment, including cash deposits, prepayments, or other forms of security, without further order of the Court, if Debtor believes such alternative adequate assurance is reasonable, provided the aggregate total of such agreements does not exceed the Budget (Doc. 7-1).

    d. If Debtor is unable to consensually resolve an Additional Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, Debtor shall request a hearing ("Determination Hearing") to determine the appropriate amount of adequate assurance required with respect to such Additional Adequate Assurance Request. Pending resolution of such Additional Adequate Assurance Request and Determination Hearing, the Utility Provider shall be prohibited from altering, refusing or discontinuing services to Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance.

5. Debtor is authorized to remove any Utility Provider from Exhibit A to the Utility Motion (Doc. 10-1) (the "Utility Providers List") if it is no longer using the services of the removed utility and is current on its debt to the Utility Provider. Debtor may also add a Utility Provider to the Utility Providers List. For Utility Providers added to the Utility Providers List, Debtor will serve a copy of this Interim Order, including the Additional Adequate Assurance Procedures, on such subsequently added Utility Provider. Any Utility Provider subsequently added to the Utility Providers List (who received notice of this Order) shall comply with the Additional Adequate Assurance Procedures.

6. The relief granted in this Order is *nunc pro tunc* to the Petition Date, January 23, 2019, for all Utility Providers providing Utility Services to Debtor listed on the Utility Providers List provided, however, this Interim Order shall not be binding on any subsequently added Utility Provider listed on any amended Utility Providers List filed with this Court until after notice of this Order.

7. Nothing contained in the Utility Motion, this Interim Order or Debtor's service of the Utility Motion upon the Utility Providers List, shall constitute an admission or concession that each such entity is a "utility" within the meaning of Section 366 of the Bankruptcy Code, and Debtor's rights and defenses with respect to this issue are fully reserved.

8. Debtor maintains that nothing in this Interim Order or its Utility Motion or any payment made pursuant to this Interim Order shall constitute an admission as to the validity or priority of any claim or lien against Debtor, a waiver of Debtor's rights to subsequently dispute such claim or lien or the assumption or adoption of any agreement, contract or lease under Section 365 of the Bankruptcy Code.

9.  Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Utility Motion is necessary to avoid immediate and irreparable harm to Debtor.

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective *nunc pro tunc* to the Petition Date and enforceable as to the Utility Providers listed on the Utility Schedule upon its entry; (b) Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) Debtor is authorized and empowered to, and may, in its discretion and without further delay, take action necessary or appropriate to implement this Order.

11. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.

Dated this 1st day of February, 2019.

/s/Shon Hastings
SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT